[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2011
JOHN LEY
CLERK

No. 10-11789
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cr-00157-RDP-PWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORACE S. CAUDLE, JR.,
a.k.a. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 15, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Horace S. Caudle, Jr., appeals his conviction for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). On appeal, Caudle: (1) argues in substance that the district court erred by failing to suppress evidence seized by the police during the warrantless search of Caudle's vehicle; and (2) argues that the district court erred in admitting evidence seized from Caudle's home pursuant to a search warrant, because the affidavit in support of the warrant contained significant factual inaccuracies as well as information derived from the illegal search of Caudle's vehicle. After careful review, we affirm.

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error, and its application of the law to those facts de novo. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000) (citation omitted). "Further, when considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party below." Id. (citation omitted). We "allot substantial deference to the factfinder, in this case, the district court, in reaching credibility determinations with respect to witness testimony." United States v. Villareal, 613 F.3d 1344, 1349 (11th Cir. 2010) (internal quotation marks and citation omitted). We may affirm the denial

of a motion to suppress on any ground supported by the record. United States v. Caraballo, 595 F.3d 1214, 1222 (11th Cir. 2010).

In most circumstances, unless there is consent, police officers must obtain a warrant supported by probable cause to justify a search under the Fourth Amendment. United States v. Magluta, 418 F.3d 1166, 1182 (11th Cir. 2005). There are a number of exceptions to the warrant requirement, including inventory searches conducted pursuant to an established procedure on a legally impounded vehicle. South Dakota v. Opperman, 428 U.S. 364, 372-73 (1976).

The Supreme Court has explained that "[n]othing . . . prohibits the exercise of police discretion [in deciding to impound a car], so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." Colorado v. Bertine, 479 U.S. 367, 375 (1987). It is not unreasonable to impound a car when there is no one present to take custody of the car. See United States v. Roberson, 897 F.2d 1092, 1096-97 (11th Cir. 1990) (finding that an inventory search is reasonable where there was no one present to whom the driver could give custody of the car as he was arrested).

Prior to Arizona v. Gant, 556 U.S. ___, 129 S.Ct. 1710 (2009), we had read New York v. Belton, 453 U.S. 454 (1981), to mean that "police could search a vehicle incident to a recent occupant's arrest regardless of the occupant's actual control over

3

the passenger compartment." United States v. Davis, 598 F.3d 1259, 1262 (11th Cir. 2010), cert. granted, 131 S.Ct. 502 (2010). However, in Gant, the Supreme Court held that "'[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.'" Id. (quoting Gant, 129 S.Ct. at 1723). Although a court may exclude evidence from an illegal search, in Davis, we held that "the exclusionary rule does not apply when the police conduct a search in objectively reasonable reliance on our well-settled precedent, even if that precedent is subsequently overturned." Id. at 1263-64.

Search warrant affidavits are presumptively valid. Franks v. Delaware, 438 U.S. 154, 171 (1978). A search warrant may be voided and the fruits of the search excluded if the search warrant affidavit contained a false statement made knowingly and intentionally or with reckless disregard for the truth. Id. at 155-56. Nevertheless, a warrant is valid "when material that is the subject of the alleged falsity or reckless disregard is set to one side, [and] there remains sufficient content in the warrant affidavit to support a finding of probable cause." Id. at 171-72. Thus, a defendant must show (1) "that the alleged misrepresentations or omissions were knowingly or recklessly made" and (2) "that the result of excluding the alleged misrepresentations

4

and including the alleged omissions would have been a lack of probable cause for issuance of the warrants." United States v. Novaton, 271 F.3d 968, 986-87 (11th Cir. 2001).

In this case, the district court did not err by denying Caudle's motion to suppress evidence seized from the warrantless search of his car. The court credited the testimony of Officers Garner and Baggett regarding their purpose in searching Caudle's vehicle. The court found that, after arresting Caudle, the officers made the determination to impound Caudle's vehicle and began an inventory search pursuant to the Huntsville Police Department's policy regarding impoundment. The fact that the investigation was taken over by the narcotics unit after the officers found the money and drugs in Caudle's vehicle did not change the fact that the search was undertaken as a lawful inventory search.

But even assuming the inventory search was illegal, the evidence seized during the officers' search of Caudle's vehicle would not be excluded. The officers were entitled to rely on well-settled precedent in searching Caudle's vehicle incident to his arrest, and thus, pursuant to Davis, the good-faith exception to the exclusionary rule applies.

Nor did the district court err in denying Caudle's motion to suppress evidence seized from his home pursuant to the search warrant. The court held that there was

probable cause for the search warrant based upon Officer Leftwich's knowledge of Caudle's arrest on January 16, 2006, his prior dealings with Caudle, and Dominique Love's indication that Caudle had dealt drugs with him. Because the court did not err in finding the results of the officers' search of Caudle's vehicle admissible, that same information may also be used to establish probable cause for the search warrant. Moreover, although Caudle claims that the affidavit included the allegedly false statement that he was on parole in January 2006, he cites to nothing in the record that shows that the statement was false, and a review of the record reveals no evidence of falsity. Even assuming that the affidavit included a false statement, Caudle has not shown that the allegedly false statement was "knowingly or recklessly made," the district court did not rely upon that statement in holding that there was probable cause, and the affidavit included enough facts for a probable cause determination without any statement that Caudle was currently on parole. Thus, the district court did not err by denying Caudle's motion to suppress.

**AFFIRMED.**